Mr. Joe E. Madden, Jr. Arkansas Securities Commissioner Heritage West Building, 3rd Floor 201 E. Markham Little Rock, Arkansas 72201-1692
Dear Mr. Madden:
This is in response to your request for an opinion on three questions concerning the regulation of credit unions in Arkansas. You note that pursuant to A.C.A. § 23-35-201, you are the "State Credit Union Supervisor." It is your responsibility in this capacity to enforce the provisions of A.C.A. § 23-35-801, which states that it is unlawful for any person, corporation, etc., except a credit union subject to the Arkansas credit union statutes or the Federal Credit Union Act, to use the name "credit union" or to represent itself as a "credit union" in its advertising, or to otherwise conduct business as a credit union.
You indicate that foreign credit unions, which are chartered under the laws of other states, but which are federally insured, are soliciting members from employees of subsidiary companies located in Arkansas. These foreign credit unions represent that they will not have a branch, nor any paid staff within the state, and that activity, exclusive of solicitation, will take place at the home office in the foreign state. They represent that all financial transactions will be conducted through the mail or by telephone.
Your three questions with regard to these facts are as follows:
 1. Does the above described activity by foreign credit unions violate Section 801(a)?
 2. If yes, does enforcement of Section 801(a) violate the Commerce Clause of the United States Constitution, Article 1, § 8?
 3. If yes, what effect does this have on my obligation to enforce Section 801(a)?
It is my opinion that the answer to your first question, based upon the facts with which we have been presented, it "no." Resolution of your two remaining questions is therefore unnecessary.
Section 23-35-801(a) provides as follows:
 (a) It is unlawful for any person, corporation, copartnership, or association, except a credit union subject to the provisions of this chapter or the Federal Credit Union Act, to:
 (1) Use a name or title containing the words `credit union' or any derivation thereof;
 (2) Represent themselves in their advertising as a credit union; or
(3) Otherwise conduct business as a credit union.
This statute exempts credit unions "subject to the provisions of this chapter or the Federal Credit Union Act." It appears that Arkansas-chartered credit unions are the only ones "subject to" the provisions of A.C.A. §§ 23-35-101—805, and therefore exempted under the first part of the exception. See A.C.A. §23-35-202 (giving the Securities Commissioner authority to supervise and regulate all "state-chartered" credit unions). It appears additionally, however, that credit unions chartered in other states, if federally insured, are subject to the insurance provisions of the Federal Credit Union Act. See A.C.A. §12 U.S.C. § 1781. This fact, in my opinion, brings such credit unions within the second part of the exception to the statute, and thus the out-of-state federally insured credit unions to which you refer are not subject to the provisions of A.C.A. §23-35-801.
This conclusion is consistent with the intent of A.C.A.23-35-801, which is to protect the investing public from financial loss occasioned by inadequately regulated or capitalized entities. The existence of federal insurance obviates this concern.
It is therefore my opinion that the answer to your first question is "no." An answer to your remaining question is therefore unnecessary.
Sincerely,
WINSTON BRYANT Attorney General
WB:ch